| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: |
| SOUTHERN DISTRICT OF NEW YORK | June 17, 2010 |
| ---------------------------------------------------------x | 10:00 A.M. |
| IN RE: | |
| | |
| JAVIER VELEZ, | Chapter 13 |
| | Case No. 10-10708 MG |
| | ATTORNEY'S AFFIRMATION |
| DEBTOR. | |
| ---------------------------------------------------------x | |

**ATTORNEY'S AFFIRMATION IN SUPPORT OF MOTION**

JAVIER VELEZ ("the Debtor") by his attorney, David J. Babel, moves this court pursuant to 11 U.S.C. Section 1325 ("the Bankruptcy Code") and Fed. R. Bankr. P. 3015 for an Order allowing the Debtor to pay interest on a secured auto claim, Claim # 1 (the "Claim") filed by Santander Consumer USA Inc. (the "Creditor") at the Till rate of 5.25%.

1. I am an attorney duly admitted to practice in the State of New York and in the Southern District of New York and I submit this Affirmation under penalty of perjury and I am fully familiar with the facts and circumstances surrounding this case.

2. The Court has jurisdiction over this proceeding pursuant to 28 USC Sections 1334 and 157 (b)(2)(K). This is a core proceeding.

3. On December 1, 2008 the Debtor took out a loan to finance a 2003 Chrysler Sebring V6 (the "Vehicle") from Santander Consumer USA Inc. (the "Creditor"). (See Contract Annexed to the Creditor's Claim #1).

4. On February 12, 2010 the Debtor filed a Petition for relief under Chapter 13 of the United States Bankruptcy Code, which was less than 910 days after taking out the loan.

5. On February 12, 2010 the Debtor filed his Chapter 13 Plan proposing to pay the secured debt owed to the Creditor within the Plan at an interest rate of 5.25% (prime plus 2%).

6. Specifically, the amount of the total debt at the time of filing was $ 7,152.51 (See Claim #1) and the Debtor proposes to pay a total amount of $8,147.85 (which includes interest at 5.25%).

7. On February 26, 2010 the Creditor filed Claim #1 in the amount of $7,152.51 plus interest at 24.99%. The face of the Claim also indicates "*no cramdown per statute." **1**

8. The Creditor's Claim is inconsistent with the Debtor's treatment of this debt in his Plan and with the Debtor's right to pay interest at 5.25% pursuant to the statutory authority provided in 11 U.S.C Section 1325 as the same has been interpreted by the Supreme Court's decision in Till v. SCS Credit Corp., 541 U.S. 465 (2004) and by a clear majority of "post BAPCPA" Courts which have upheld a Debtor's right to modify the rate of interest even in the case of a 910 claim. **(See: *Drive Financial Services, L.P. v. Jordan*, 521 F.3d 343 (5th Cir 2008) which held that the "hanging paragraph" prevents only bifurcation of a 910 claim pursuant to section 506 but does <u>not</u> operate to prevent a Chapter 13 Debtor from modifying the rate of interest on a secured 910 claim pursuant to Section 1325; also *In <u>re</u> Johnson*, 2009 Bankr. LEXIS 811 (Bankr. C.D. Ill. Apr. 15, 2009)**; *In re Morris,* 370 B.R. 796 (E.D.Wis. 2007); *In re Harrison,* 394 B.R. 879, 883 (Bankr.N.D.Ill. 2008) (Squires, J); *In re Estrada,* 387 B.R. 875, 880 (Bankr.M.D.Fla. 2008); *In re Hopkins,* 371 B.R. 324, 327(Bankr.N.D.Ill. 2007) (Goldgar, J.); *In re Phillips,* 362 B.R. 284, 307 (Bankr.E.D.Va. 2007); *In re Vagi,* 351 B.R. 881, 886-87 (Bankr.N.D.Ohio 2006); *In re Trejos,* 352 B.R. 249,

---

**1** It is assumed that this language refers to the provisions of the unnumbered paragraph following 11 U.S.C. Section 1325(a) (9) commonly referred to as the "hanging paragraph," which provides that 11 U.S.C. section 506 shall not apply to secured auto claims incurred within 910 days of filing.

**266-68 (Bankr.D.Nev. 2006),** *aff'd* **on other grounds, 374 B.R. 210 (9th Cir.BAP 2007).**

**WHEREFORE,** the Debtors object to Claim #1 as submitted by Creditor, Santander Consumer USA, Inc. and requests that an Order be issued directing the following:

i. that the Debtor shall be allowed to pay the Creditor $8147.85 over the life of his Plan (60 months) which amount includes the full amount of the Creditor's secured claim plus interest at a Till rate of 5.25% in full satisfaction of any and all secured claims pertaining to the Vehicle; and

ii. that the Debtor be granted such further relief as the Court deems just and equitable.

Dated: May 3, 2010
      Bronx, New York

/s/David J. Babel
DAVID J. BABEL, ESQ.
David J. Babel
Attorney for Debtors
2525 Eastchester Road
Bronx, New York 10469
(718) 881-7964